IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PAM HEASLEY )
)
v. ) NO. 3:05-0734
) JUDGE CAMPBELL
CARTER'S FOR KIDS )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 18). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

Plaintiff, a former Store Team Leader at Defendant's Opry Mills store in Nashville, Tennessee, brought this action against her former employer[1], alleging violations of the Family and Medical Leave Act ("FMLA"). Defendant has moved for summary judgment, contending that Plaintiff does not qualify for the statutory protections of the FMLA because Defendant did not employ 50 or more employees within 75 miles of Plaintiff's worksite at the time of the alleged violation.

The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i). Under the FMLA, the term "eligible employee" does not include "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that

---

[1] Carter's for Kids is a retail store owned by The William Carter Company, which is a wholly-owned subsidiary of Carter's Inc., a publicly-traded company headquartered in Atlanta, Georgia. Docket No. 28, ¶¶ 2 and 3.

worksite is less than 50." 29 U.S.C. § 2611(2)(B). Where a defendant in an FMLA suit does not meet the statutory definition of "employer," there is no federal subject matter jurisdiction over the claim against that defendant. Brown v. Cranford Transp. Services, Inc., 244 F.Supp. 2d 1314, 1317 (N.D. Ga. 2002).

Plaintiff does not dispute that besides the Opry Mills facility, the only other Carter's facilities located within a 75-mile radius of Plaintiff's worksite are a Murfreesboro retail store and a Lebanon retail store. Docket No. 28, ¶ 9. Plaintiff also does not dispute that, at the time she was fired, Defendant employed only 11 employees at the Opry Mills facility and a total of 28 employees at the facilities in Nashville, Murfreesboro and Lebanon combined. Id., ¶ 11.

Plaintiff's last day of employment with Defendant was August 23, 2005. Docket No. 28, ¶ 10. On July 14, 2005, Carter's Inc., through its wholly-owned subsidiary The William Carter Company, acquired all outstanding shares of OshKosh B'Gosh, Inc., a publicly traded company headquartered in Oshkosh, Wisconsin, for a purchase price of approximately $312 million. Id., ¶¶ 12 and 13.

Plaintiff contends that she is entitled to include the employees of OshKosh's distribution centers and retail stores to satisfy the 50-employee requirement of the FMLA. Plaintiff asserts that there are genuine issues of material fact as to the relationship between Carter's and OshKosh B'Gosh which preclude summary judgment. Plaintiff argues that she is eligible for FMLA coverage under the theories of "joint employer" and agency.[2]

---

[2] Plaintiff admits that the theory of "integrated employer" does not apply in this case. Docket No. 27, p. 2.

2

The federal regulations promulgated pursuant to the FMLA provide that where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under the FMLA. 29 C.F.R. § 825.106(a). Joint employers may be separate and distinct entities with separate owners, managers and facilities. Id. When considering whether an entity is an "employer," the Court must analyze the total employment situation. Morrison v. Amway Corp., 336 F.Supp.2d 1193, 1197 (M.D. Fla. 2003). That requires consideration of (1) whether the employment took place on the alleged employer's premises; (2) how much control the alleged employer exerted on the employee; and (3) whether the alleged employer had the power to fire, hire, or modify the employment condition of the employee. Id.

Plaintiff bases her allegation of joint employer upon the five and one-half weeks between July 14, 2005, and August 23, 2005. Plaintiff has presented no evidence, other than her own testimony, to contradict the Affidavits of Defendant's corporate officers concerning the separate nature of the two businesses after the acquisition on July 14, 2005. Plaintiff does not assert that she worked on the premises of OshKosh B'Gosh. The alleged control or influence Plaintiff alleges is insufficient to create a "joint employer" situation.

Moreover, Plaintiff has not shown that OshKosh B'Gosh had any power to fire, hire or modify her employment condition. For example, Kathy Portolese, a long-time employee of The William Carter Company, was ultimately responsible for the human resources functions for Carter's retail stores, including Plaintiff's. Docket No, 28, ¶ 14a. On the other hand, Kristin Fassbinder, a long-time OshKosh employee, was responsible for the human resources function for the OshKosh retail store employees. Id., ¶ 14h.

An agent is one who consents to act on behalf of another and subject to the other's control. Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 996 (6th Cir. 1997). An agent within the context of employment discrimination statutes must be an agent with respect to employment practices. Id. Generally, an agent of an employer who may be sued as an employer in employment cases has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by the employer. York v. Tennessee Crushed Stone Ass'n., 684 F.2d 360, 362 (6th Cir. 1982). For example, the federal regulations concerning the FMLA provide that "employer" includes any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer. 29 C.F.R. § 825.104(a).

There is no evidence before the Court that OshKosh delegated to Carter's the authority to make employment decisions on its behalf (or vice versa) or that it exercised the requisite control over Carter's employment decisions.

In any event, even if the circumstances here created a joint employer or agency situation, which they did not, any such situation would have existed for less than six weeks, not the required twenty weeks as stated in the FMLA. See, e.g., Brown, 244 F.Supp.2d at 1318 (Defendant who had fifty or more employees during only twelve weeks in 2001 did not qualify as an "employer" under the FMLA).

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 18) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

                                               /s/ Todd Campbell
                                               TODD J. CAMPBELL
                                               UNITED STATES DISTRICT JUDGE